IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ZEALOUS JONES MAYBERRY III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5221 |
| | § | |
| MUNDY CONTRACT MAINTENANCE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for New Trial or Motion to Alter or Amend the Judgment Granting Summary Judgment to Defendant (Docket # 88). Plaintiff bases his motion on what he contends to be manifest errors of law and of fact in the Court's Judgment. While he concedes that he has not offered additional or newly discovered evidence in support of his motion for a new trial, he contends that the Court should permit him additional discovery. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. MISTAKES OF FACT

Plaintiff argues that genuine issues of material fact exist, which preclude summary judgment for Defendant. Specifically, Plaintiff attacks the veracity of the sworn statement of Rhonda Simpson, an employee of Defendant Mundy Contract Maintenance, Inc. ("Mundy"), who informed Mundy that she overheard Plaintiff agree to give false testimony in the investigation of another Mundy employee, William Jones. Plaintiff argues that because Mundy based Plaintiff's termination on Simpson's incredible statements, an issue of fact

exists as to whether Mundy had a good faith belief that Plaintiff had violated company policy by providing false testimony in the company's internal investigation of Jones.

The Court considered this issue at length in its Memorandum and Order granting summary judgment for Defendant. As the Court explained, the relevant inquiry in an employment discrimination case such as this one is whether Defendant had a discriminatory motive for terminating Plaintiff. Here, Defendant demonstrated that it terminated Plaintiff because it believed in good faith that Plaintiff had violated company policy. Even if Defendant's belief that Plaintiff had violated company policy was incorrect, this does not demonstrate that Defendant's proffered reason for terminating Plaintiff was pretext, nor does it prove discrimination. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995)[1]; *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991). Defendant's alleged error in relying on Simpson's statement is insufficient to establish that Defendant lacked a good faith belief that Plaintiff had violated company policy. Moreover, Plaintiff has not presented any evidence showing that Defendant had reason to question the credibility of Simpson's statement at the time it terminated Plaintiff, nor has Plaintiff presented any other evidence to challenge the good faith of Defendant's belief that Plaintiff violated company policy. The Court therefore finds no outstanding issue of material fact with regard to Plaintiff's claim of discrimination.

Plaintiff additionally argues that an issue of fact exists regarding when he sent Defendant an email attachment pertaining to its allegedly discriminatory practices. Plaintiff contends that he sent the email attachment a few days before his termination, demonstrating that he was terminated in retaliation for the email. The Court also considered this issue in its Memorandum and Order granting summary judgment for Defendant, and concluded that

---

[1] The plaintiff in *Mayberry v. Vought Aircraft Co.* bears no relationship to Plaintiff Mayberry in the case at bar.

Plaintiff failed to support, with competent summary judgment evidence, his contention that he had sent the email days before his termination. Rather, the evidence indicated that the attachment referred to by Plaintiff was actually sent to Defendant twenty-two months prior to Plaintiff's termination. Plaintiff did not offer, and has not offered, any evidence to contradict this. Accordingly, the Court finds no issue of fact on Plaintiff's retaliation claim and no mistake in its summary judgment for Defendant.

**II. ERRORS OF LAW**

Plaintiff's asserted errors of law relate to the Court's consideration of Rhonda Simpson's sworn statement. Plaintiff contends that the Court should not have considered Simpson's sworn statement because it is hearsay, because Simpson lacked personal knowledge of what happened on the night of Jones's termination, because the statement is self-serving, and because the sworn statement is not admissible under Federal Rule of Civil Procedure 56(e). All of these contentions lack merit.

First, Simpson's testimony concerns statements made by Plaintiff, which because they were offered by Defendant, are statements of a party opponent and are not hearsay under Federal Rule of Evidence 801(d)(2)(A). Second, Simpson demonstrated personal knowledge of the conversation in which she overheard Plaintiff agree to continue providing false testimony to Defendant. The Court considered Simpson's testimony as it related to Plaintiff's falsification of testimony. Accordingly, it was unnecessary for Simpson to have personal knowledge of events other than this conversation, such as the events leading to Jones's termination. Third, as explained above, the allegedly self-serving nature of Simpson's statement is of no import here. Simpson's statement is relevant to Defendant's good faith belief that Plaintiff had violated the company's policy, even if this belief was incorrect. The

Court does not find Simpson's statement to be so incredible as to justify excluding it from its considerations on summary judgment. Finally, Simpson's testimony was presented to the Court in the form of a sworn statement, in which Simpson promised to provide only true and correct testimony. The court reporter who took the statement certified that Simpson had been sworn prior to testifying. Simpson's sworn statement was properly considered under Federal Rule of Civil Procedure 56(e).

Plaintiff has failed to demonstrate any manifest error of law warranting a new trial or amendment of the Court's summary judgment for Defendant.

### III. ADDITIONAL DISCOVERY

Plaintiff contends that the Court should permit him further discovery. Specifically, Plaintiff asserts that the Court should now allow him to depose Rhonda Simpson regarding the truth of her sworn statement.

To obtain a continuance of a motion for summary judgment or an order granting summary judgment in order to conduct further discovery, a party must indicate both why he needs additional discovery and how that discovery will create a genuine issue of material fact. *Stearns Airport Equip. Co v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999). Here, Plaintiff premises his discovery request on his need to question the credibility of Simpson's sworn statement. As discussed above, however, a lack of credibility in Simpson's statement is, by itself, insufficient to show that Defendant lacked a good faith belief that Plaintiff had violated company policy. Supposing that Defendant were to depose Simpson and show that she was incredible, this would not create a genuine issue of material fact warranting a new trial or amendment of the Court's summary judgment for Defendant. Plaintiff has therefore failed to show that additional discovery is justified, and Plaintiff's request for discovery is **DENIED**.

**IV. CONCLUSION**

The Court finds no manifest errors of law or of fact, and no newly discovered evidence, upon which it should set aside or amend its summary judgment for Defendant. Accordingly, Plaintiff's Motion for New Trial or Motion to Alter or Amend the Judgment Granting Summary Judgment to Defendants is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** on this 19th day of December, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**